## Commonwealth v. One Merit Draw Poker Machine

*Alan M. Rubenstein,* assistant district attorney, for the Commonwealth.

*John C. Marston, William Thomas,* for defendant.

BIEHN, *J.,* December 11, 1984—On September 20, 1984, a hearing was held on a petition for return of property and the Commonwealth's cross petition for forfeiture of nine electronic poker machines seized at various locations in Bucks County. At the

hearing, petitioners, Best Amusements, Inc., and BAT Vending Company, agreed to the forfeiture of two of the machines and this court entered an appropriate order with respect to those machines. After reviewing the record, we now find that the remaining seven machines are gambling devices per se, and therefore, are forfeited to the Commonwealth of Pennsylvania.

At the hearing, evidence was produced demonstrating how the machines are operated and played. All of the machines are activated by the insertion of coins or of one or five dollar bills. When the currency is inserted, the machines randomly select and display a certain number of cards. The player then has the option of discarding cards or staying with the hand dealt. As the game proceeds, the player accumulates or wins points or credits.

Most of the machines had a notice sticker on them, approximately three by five inches, which was read into the record as follows:

In boldface, "NOTICE: This machine has no "knock down" button and no meter to record the number of games knocked down. Pursuant to Commonwealth versus One Electronic Poker Machine, Supreme Court of Pennsylvania Number 88 Eastern District Appeal Docket 1982."

It is in boldface, "Not a Gambling Device Per Se. The proprietor will demonstrate the truth of the above."

However, despite this notice, Craig Peterson, a detective with the Philadelphia Police Department, Major Investigations Division, testified that all of the machines, with minor alterations, have the ability to knock off or knock down the points accumulated. Detective Peterson demonstrated that such can be done by placing a test wire, a paper clip or any other conductor of electricity against the top termi-

nal on the credit button and simultaneously holding the cancel stand button. Detective Peterson also testified that the machines are built in such a way that a meter could be installed to show the number of credits paid out. It takes approximately 15 to 20 seconds to hook up such a meter.

Petitioners argue that although the machines contained within their internal programming a method by which the knock down function could be accomplished, the wiring had been removed from two of the machines and disconnected and taped back in the other five thereby removing them from the category of gambling devices per se.

The issue before us is not the "intent" of petitioners, that is whether or not petitioners intended the machines be used for gambling. Rather, the question is whether the changes made in the machines are such that they no longer constitute gambling devices per se. We addressed this exact issue in Hubbard and Casmirri v. Bensalem Police Department and Bucks County District Attorney's Office, no. 193 M 1984 and no. 182 M 1984 (Bucks County, September 26, 1984), a case which is factually similar to the one now before us.

As we stated in Hubbard, the Supreme Court of Pennsylvania has addressed the question of what constitutes a gambling device per se.

"Historically, we have held a machine is a gambling device per se if it can be used for no purpose other than gambling . . . This broad standard must be interpreted to provide a meaningful test for judging a given machine. If it is to be useful, it cannot mean that the machine could not possibly be used for any activity other than gambling, because almost any machine, including the Electro-Sport, can be used for non-gambling (e.g., pure amusement) purposes. Instead, the inquiry must be whether the

machine is so intrinsically connected with gambling as to constitute a gambling device per se." (Citations omitted.)

Commonwealth v. Two Electronic Poker Game Machines, 502 Pa. 186, 193-194, 465 A.2d 973 (1983).

It is clear from the above that the test for determining whether a machine is a gambling device per se is not whether it can be used for non-gambling purposes. Rather, it is whether the machine is intrinsically connected with gambling. The Supreme Court then went on to list the three elements necessary to gambling: consideration, a result determined by chance rather than skill, and a reward. "If the machine displays all three qualities, it will then be 'so intrinsically connected with gambling' as to be a gambling device per se." Id.

"Although a free game in and of itself does not constitute a reward . . . the awarding of free games by a machine which possesses other characteristics can be taken to constitute a sufficient reward. We agree with the analysis of Commonwealth Court . . .

The ability to knock-off free games, the presence of meters to enable the owner to determine how many games were knocked-off, the ability of a player to hold a part of his previous play over to the next game in order to increase his or her chances of winning a higher pay-off on the next game, and the extremely short playing time involved compels the conclusion that the reward of a free game constitutes a thing of value." (Citations omitted.) Commonwealth v. Two Electronic Poker Game Machines, supra, at 196.

The Supreme Court further explained that none of the above features are necessary to the functioning of the device as a legitimate profit-making amusement game. Rather, they provide circumstantial evidence of a sufficient reward to meet the

third element of the test for a gambling device per se. Id. at 196-197.

Applying this analysis to the facts before us clearly shows that the machines in question are gambling devices per se. There is no dispute here as to the elements of consideration and a result determined by chance rather than skill. As to the element of reward, the testimony of Detective Craig Peterson demonstrated that inside the cabinet of each machine was a mechanism which when activated allowed the machine to knock down the accumulated points or credits. This function, the extremely short playing time and the ability of the machines to accommodate the installation of meters to record the number of credits paid out compels us to conclude, as did the court in Two Electronic Poker Game Machines, that a sufficient reward, constituting a thing of value, is present.* Therefore, we find that the machines are gambling devices per se, and accordingly, enter the following

## ORDER

And now, this December 11, 1984, it is hereby ordered and directed that the above-seized property is hereby forfeited to the Commonwealth of Pennsylvania.

---

*We are aware of the recent decision in Pennsylvania Amusement and Music Machine Association v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Pa. Commw. , A.2d , (No. 3099 C.D. 1984) but find that it has no bearing on the issue before us.